**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In re

| | |
|---|---|
| Michelle Ann Spina | Case No.17-33642-KLP |
| 6101 Taverneer Lane | Chapter 7 |
| Spotsylvania, VA  22551 | |
| SSN/ITIN: xxx-xx-6773 | |

                Debtors(s).

**NOTICE OF UNITED STATES TRUSTEE'S MOTION TO DISMISS**
**CASE FOR PRESUMPTION OF ABUSE PURSUANT TO**
**11 U.S.C. § 707(b)(2), OR IN THE ALTERNATIVE, FOR ABUSE**
**PURSUANT TO 11 U.S.C. § 707(b)(3) AND HEARING THEREON**

     PLEASE TAKE NOTICE that the United States Trustee has filed with the Court a **Motion Of The United States Trustee To Dismiss Case For Presumption Of Abuse Pursuant To 11 U.S.C. § 707(b)(2), Or In The Alternative, For Abuse Pursuant To 11 U.S.C. § 707(b)(3)** (the "Motion") in the above-captioned case.  A copy of the Motion is being served on you simultaneously herewith.

     If you do not want the Court to grant the relief sought in the Motion or if you want the Court to consider your views on the Motion, then on or before **seven (7) days** before the scheduled hearing date on the Motion, you or your attorney must:

        ( X )    File with the Court, at the address below, a written response with supporting memorandum pursuant to Local Bankruptcy Rule 9013-1(H).  You must mail or otherwise file it early enough so the Court will **receive** it on or before the date stated above.

        Clerk of Court
        United States Bankruptcy Court
        701 East Broad Street, Suite 4000
        Richmond, Virginia 23219

     You must also serve a copy on:
        Shannon Pecoraro, Esq.
        Trial Attorney
        Office of the United States Trustee
        701 East Broad Street, Suite 4304
        Richmond, VA 23219

---

Robert B. Van Arsdale, Esq., AUST (Va. Bar No. 17483)
Shannon Pecoraro, Esq. (Va. Bar No. 46864)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

( x )   Attend a hearing on the Motion which has been scheduled for **November 29, 2017 at 10:30 a.m.** before the Honorable Keith L. Phillips, United States Bankruptcy Court, 701 East Broad Street, Suite 5100, Richmond, VA  23219.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that requested relief without further notice or hearing.

Date:  September 25, 2017            Judy A. Robbins
                                     United States Trustee
                                     Region Four

                                      /s/ Shannon Pecoraro
                                     Shannon Pecoraro, Esq. (Va. Bar No. 46864)
                                     Office of the United States Trustee
                                     701 East Broad Street, Suite 4304
                                     Richmond, VA 23219

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2017, a true copy of the foregoing was delivered via electronic mail pursuant to the Administrative Procedures of the CM/ECF system for the United States Bankruptcy Court for the Eastern District of Virginia to all necessary parties.  In addition, a copy was mailed to the following on September 26, 2017:

Michelle Ann Spina
6101 Taverneer Lane
Spotsylvania, VA  22551

                                     /s/ Shannon Pecoraro
                                     Robert B. Van Arsdale, Esq., AUST (Va. Bar No. 17483)
                                     Shannon Pecoraro, Esq. (Va. Bar No. 46864)
                                     Office of the United States Trustee
                                     701 East Broad Street, Suite 4304
                                     Richmond, VA 23219
                                     Telephone (804) 771-2310
                                     Facsimile (704) 771-2330

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re

Michelle Ann Spina,                                    Case No.17-33642-KLP
                                                       Chapter 7
                    Debtors(s).


MOTION OF THE UNITED STATES TRUSTEE TO DISMISS
CASE FOR PRESUMPTION OF ABUSE PURSUANT TO 11 U.S.C. § 707(b)(2),
OR IN THE ALTERNATIVE, FOR ABUSE PURSUANT TO 11 U.S.C. § 707(b)(3)

COMES NOW JUDY A. ROBBINS, the United States Trustee for Region Four (the "U.S. Trustee"), through the undersigned counsel, who respectfully moves this Court for entry of an Order dismissing the above captioned Debtor's (the "Debtor") case for presumption of abuse pursuant to 11 U.S.C. § 707(b)(2), 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), or, in the alternative, for abuse pursuant to Bankruptcy Code § 707(b)(3), and represents as follows:

**JURISDICTION**

1. This Court has jurisdiction of this matter under 28 U.S.C. §§ 1334, 151, and 157(a) and (b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Motion is filed pursuant to Bankruptcy Code §§ 707(b)(2) and 707(b)(3).

**TIMELINESS OF MOTION**

3. Bankruptcy Code § 704(b)(1)(a) requires the U.S. Trustee to review all materials filed by the debtor, and not later than ten (10) days after the date of the first meeting of creditors, file with the Court a statement as to whether the Debtor's case would be presumed to be an abuse under § 707(b).

4. The initial Chapter 7 meeting of creditors (the "341 Meeting") was held on August 15, 2017.

5. On August 25, 2017, pursuant to the requirements of Bankruptcy Code § 704(b)(1)(a), the U.S. Trustee filed a statement of presumed abuse (the "10 Day Statement").

---

Robert B. Van Arsdale, Esq., AUST (Va. Bar No. 17483)
Shannon Pecoraro, Esq. (Va. Bar No. 46864)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

6. The deadline under Bankruptcy Code § 707(b)(2) is September 25, 2017, and the deadline under Bankruptcy Code § 707(b)(3) is October 16, 2017.

7. Therefore, this Motion is timely filed.

8. In compliance with her statutory duties under Bankruptcy Code § 707(b)(2), the U.S. Trustee filed this motion to preserve her deadlines, but reserves the right to file a supplemental motion with further details.

**FACTUAL BACKGROUND**

9. On or about July 19, 2017 (the "Petition Date"), the Debtor, with the assistance of H. Darden Hutson, Esquire, ("Mr. Hutson") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

10. Bruce E. Robinson (the "Chapter 7 Trustee") was appointed trustee and continues to serve as Chapter 7 trustee in this bankruptcy case.

11. As filed on Schedule I, the Debtor reported gross income of $9,635.00 and net income of $5,809.00.

12. As filed on Schedule J, the Debtor reported expenses of $5,881.00 and monthly net income of ($72.00).

13. On *Schedule E/F - Creditors Who Have Unsecured Claims,* the Debtor lists creditors with claims totaling $14,688.00.

14. The debts listed on the Debtor's schedules D, E and F appear to be primarily consumer obligations; and the Debtor so indicated on her voluntary petition.

15. On *Official Form 122A-1* (the "Means Test"), the Debtor reports monthly gross household income of $11,015.00, annualized gross household income totaling $132,180.00, and a household size of two (2) persons. See Form 122A-1, lines 12a, 12b and 13.

16. The applicable median family income for a family consisting of two (2) persons in Virginia on the Petition Date was $71,871.00.

17. The U.S. Trustee attended the § 341 meeting and asked questions of the Debtor.

18. The U.S. Trustee also requested and received informal discovery from the Debtor.

19. The U.S. Trustee reviewed the documentation provided by the Debtor, which raised additional questions.

20. The U.S. Trustee sent a follow up email to Debtor's counsel and is awaiting a response.

21. Based on a review of the Debtor's schedules and the documentation provided to the U.S. Trustee, and the Debtor's responses at the § 341 meeting, the U.S. Trustee believes that the Debtor could afford a substantial Chapter 13 plan payment.

22. The U.S. Trustee has had discussions with counsel for the Debtor and advised him that she would be filing this motion.

## LAW AND ANALYSIS UNDER 11 U.S.C. § 707(b)(2)

23. In enacting the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA"), Congress made significant changes to the Bankruptcy Code to facilitate the prevention of abuse of the bankruptcy system.

24. Cases such as the instant case demonstrate the type of abuse Bankruptcy Code § 707(b) was intended to prevent.

25. Bankruptcy Code § 707(b)(1) provides that the Court may dismiss a case filed by an individual whose debts are primarily consumer debts, if it finds that granting relief would be an abuse of the provisions of Chapter 7.

26. Section 707(b)(2)(A)(i) provides, in pertinent part,
> . . . the court shall presume abuse exists if the debtor's current monthly income reduced by [certain deductions] and multiplied by 60 is not less than the lesser of –
> (I)   25 percent of the debtor's nonpriority unsecured claims in the case or $7,700.00, whichever is greater; or
> (II)  $12,850.00.

11 U.S.C. § 707(b)(2)(A)(i) (2017).

27. Under this provision, the Court must presume that a debtor's chapter 7 filing is abusive if, *inter alia*, the debtor has monthly disposable income of more than $214.17 per month, or $12,850.00 over sixty (60) months, to fund a plan.

28. If a presumption of abuse arises, a debtor may rebut it only by demonstrating special circumstances to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative. See 11 U.S.C. § 707(b)(2)(B)(i) (2017).

29. A debtor must provide a detailed explanation of the special circumstances, itemize and document each additional expense or adjustment of income, and attest under oath to the accuracy of the information provided. See 11 U.S.C. § 707(b)(2)(B)(ii) and (iii) (2017).

30. In the event a debtor establishes special circumstances of the kind described in Bankruptcy Code § 707(b)(2)(B)(i), the debtor will rebut the presumption of abuse only if he or she can demonstrate that the additional expenses or adjustments to income cause the product of the debtor's reduced monthly income, when multiplied by sixty (60), to be the lesser of (1) 25% of the debtor's unsecured debts or $7,700.00, whichever is greater or (b) $12,850.00. See 11 U.S.C. § 707(b)(2)(B)(iv) (2017).

31. Based on a review of the documentation provided, the U.S. Trustee believes that the Debtor's household income is understated, and, if adjusted, would cause the presumption to arise.

32. Additionally, the U.S. Trustee believes that the following items may be overstated on the Means Test – a) Line 17 – Involuntary Deductions of $779.00.

33. The U.S. Trustee believes that the Debtor has monthly disposable income exceeding $214.17 and that the presumption of abuse arises.

34. Accordingly, the U.S. Trustee submits that the relief requested herein is justified and in the best interest of the Debtor's creditors and should be granted.

## LAW AND ANALYSIS UNDER 11 U.S.C. § 707(b)(3)

35. In the event the Court does not agree that the Debtor's case should be dismissed for presumption of abuse pursuant to Bankruptcy Code § 707(b)(2), the U.S. Trustee has also investigated the Debtor's case for abuse pursuant to Bankruptcy Code § 707(b)(3) and asserts that dismissal under § 707(b)(3) is also appropriate.

36. The standard for presuming abuse under Bankruptcy Code § 707(b)(2) is based on a statutorily mandated calculation (as detailed above) while the standard for actual abuse under Bankruptcy Code § 707(b)(3) is based upon consideration of evidence of a debtor's bad faith or totality of the circumstances of his or her financial situation.

37. Whereas the court may look only to the results of the Means Test Form for dismissal predicated on the presumption of abuse arising under Bankruptcy Code § 707(b)(2), the Court must exercise its discretion to dismiss a case under Bankruptcy Code § 707(b)(3).

38. Section 707(b)(3) of the Bankruptcy Code provides, in pertinent part, as follows:

>    In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider –
>    (A) whether the debtor filed the petition in bad faith; **or**
>    (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtors) of the debtor's financial situation demonstrates abuse.

11 U.S.C. § 707(b) (2017) (emphasis added).

39. Bankruptcy Code § 707(b), as amended by BAPCPA, replaces dismissal based upon "substantial abuse" under pre-BAPCPA § 707(b) with a mere "abuse" standard.

40. Under § 707(b)(3) of BAPCPA, dismissal is warranted based upon "abuse" in cases where a debtor filed a chapter 7 case in bad faith or the totality of the circumstances indicates the debtor has the ability to repay a substantial portion of unsecured debt.

41. That a chapter 7 case may be dismissed for "abuse" under § 707(b)(3) is not dependent on the presumption of abuse arising under § 707(b)(2). Nothing in the Code indicates that the court's traditionally discretionary analysis has been replaced by the means test.

42. Using the standard articulated in Bankruptcy Code § 707(b)(3), post-BAPCPA, the Debtor's case would be an abuse.

43. Additionally, though post-BAPCPA Bankruptcy Code § 707(b)(3) seems to have lightened the standard for finding abuse, the Debtor's case would also fail if this Court were to apply the test set forth by the Fourth Circuit in the pre-BAPCPA case of <u>In re Greene</u>, 934 F.2d 568 (4th Cir. 1991) (adopted a "totality of circumstances" test for determining whether substantial abuse exists in a given Chapter 7 case).

44. Under the <u>Greene</u> test, the following factors are to be analyzed:

(a) Whether the debtor has the ability to repay;

(b) Whether the bankruptcy petition was filed because of sudden illness, calamity, disability, or unemployment;

(c) Whether the debtor incurred cash advances and made consumer purchases far in excess of his ability to pay;

(d) Whether the debtor's proposed family budget is excessive or unreasonable;

  (e) Whether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect the true financial condition; and

  (f) Whether the petition was filed in good faith.

Greene, 934 F.2d at 572 (citing In re Strong, 84 B.R. 541, 545 (Bankr. N.D. Ind. 1988)); In re Peluso, 72 B.R. 732, 736 (Bankr. N.D.N.Y. 1987); In re Grant, 51 B.R. 385, 392 (Bankr. N.D. Ohio 1985) (citing substantially similar factors drawn from cases cited).

45.  A consumer debtor's ability to repay a significant portion of his or her unsecured debt out of future disposable income is a primary factor and strong evidence of abuse sufficient to rebut that presumption in favor of the debtor. The burden then shifts to the Debtors to demonstrate entitlement to Chapter 7 relief. In re Norris, 225 B.R. 329 (Bank. E.D. Va. 1998).

46.  The Debtor has not demonstrated entitlement to relief under Chapter 7 of the Bankruptcy Code.

47.  The U.S. Trustee does not believe that the monthly disposable income reflected on Schedule J is accurate.

48.  Based on the U.S. Trustee's analysis, it appears the Debtor could afford a substantial Chapter 13 plan payment.

49.  Based on the U.S. Trustee's review of the documentation provided by the Debtor, the U.S. Trustee notes the following with regard to Schedules I and J:

  a. Based on a review of the bank statements, the U.S. Trustee observes unexplained deposits, which do not appear to be included in the Debtor's household income on Schedule I.

  b. Based on a review of the Debtor and her non-filing spouse's tax returns, it appears that net income from the Debtor's business may be understated. Additionally, it appears that her non-filing spouse worked side jobs, which income is not reflected on Schedule I.

  c. The following expenses on Schedule J appear to be overstated or excessive:

   i. Cell Phones of $480.00

   ii. Food and Housekeeping supplies of $1,000.00

50. The totality of the circumstances indicates that the Debtor's financial condition does not warrant a Chapter 7 discharge: (a) the Debtor has the ability to repay a substantial portion of her unsecured debt through a Chapter 13 plan; (b) the Debtor did not file the bankruptcy petition because of sudden illness, calamity, disability, or unemployment; (c) the petition and schedules do not accurately reflect the Debtor's true financial condition; and (d) it is questionable whether the Chapter 7 case was filed in good faith.

51. Accordingly, the U.S. Trustee submits that the relief requested herein is justified and in the best interest of the Debtor's creditors and should be granted.

## NOTICE

52. Notice of this Motion has been given to: (a) the Debtor, and (b) the Chapter 7 Trustee. In light of the relief requested herein, the U.S. Trustee submits that no other or further notice is required.

## RELIEF REQUESTED

53. The U.S. Trustee believes that the presumption of abuse arises in this case.

54. The Debtor's household income is substantially over the median income.

55. Additionally, the Debtor has included expenses on her Means Test and Schedule J that are inaccurate, excessive, or inflated.

56. Accordingly, to the extent the Debtor does not convert the case to Chapter 13, this Court should dismiss the case under Bankruptcy Code § 707(b)(1) because there is a presumption of abuse under Bankruptcy Code § 707(b)(2).

57. In the alternative, this Court should dismiss the Debtor's case with prejudice pursuant to Bankruptcy Code § 707(b)(3) based on the totality of the circumstances.

58. Based on the foregoing, there is just cause to dismiss the Debtor's case pursuant to Bankruptcy Code § 707(b)(2) or Bankruptcy Code § 707(b)(3).

59. The U.S. Trustee reserves the right to amend this Motion or to file a supplement to same.

WHEREFORE, the U.S. Trustee respectfully requests that: (a) the Debtor's discharge be deferred pending disposition of this motion; (b) the case be dismissed with prejudice for no less than one (1) year

pursuant to Bankruptcy Code § 707(b)(2) or, in the alternative, pursuant to Bankruptcy Code § 707(b)(3); and

(c) the Court grant such other and further relief as is just.

          Respectfully requested

          Judy A. Robbins
          United States Trustee
          Region Four

       By /s/ Shannon Pecoraro
          Trial Attorney

## CERTIFICATE OF SERVICE

 I hereby certify that on September 25, 2017, a true copy of the foregoing was delivered via electronic mail pursuant to the Administrative Procedures of the CM/ECF system for the United States Bankruptcy Court for the Eastern District of Virginia to all necessary parties. In addition, a copy was mailed to the following on September 26, 2017:

 Michelle Ann Spina
 6101 Taverneer Lane
 Spotsylvania, VA  22551

         /s/ Shannon Pecoraro
         Robert B. Van Arsdale, Esq., AUST (Va. Bar No. 17483)
         Shannon Pecoraro, Esq. (Va. Bar No. 46864)
         Office of the United States Trustee
         701 East Broad Street, Suite 4304
         Richmond, VA 23219
         Telephone (804) 771-2310